**RESHMA KAMATH**
Mailing Address: 700 El Camino Real, Suite 120,
#1084, Menlo Park, California 94025, United States |
Phone: 650 257 0719 |
E-mail: reshmakamath2021@gmail.com |
Plaintiff, *In Propria-Persona*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESHMA KAMATH, | **Case No.: 5:23-cv-03636-EJD** |
| Plaintiff, | [*Honorable District Judge Edward J. Davila*] |
| v. | **PLAINTIFF'S NOTICE TO DEFENDANT PAYPAL, INC. OF LEGAL DISPUTE** |
| PAYPAL, INC. AND DOES 1-10, INCLUSIVE, | |
| Defendants | |

*TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, HEREIN:*

1
2
3
4
5
6

Plaintiff provides notice that Defendant PayPal, Inc. was notified of the legal dispute via the attached Defendant's form, and with the First-Amended Complaint attached to such notice. In the prior week, Plaintiff has initiated the American Arbitration Act (AAA) arbitration with case number in an effort to engage in ADR while this matter is litigated.

7
8

**DATED: December 23, 2023**          **RESHMA KAMATH**

9
10

*/S/ Reshma Kamath*

11

Plaintiff

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**PROOF OF SERVICE**</u>
**F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260**

I'm employed in the County of San Mateo, California. I am over the age of 18, and not a party to the action. My business address is: 700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025, and e-mail address is reshmakamath2021@gmail.com for electronic-service. On 23rd day of December 2023, I served the following document(s), via method(s) indicated below, on the parties in this action: SEE ATTACHED SERVICE LIST.

**PLAINTIFF'S NOTICE TO DEFENDANT PAYPAL, INC. OF LEGAL DISPUTE**

<u>**ELECTRONIC SERVICE**</u>**:** In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6]
<u>**UNITED STATES MAIL SERVICE**</u>**:** I served the documents by enclosing them in an envelope and by depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 23rd day of December 2023.

*/s/ Reshma Kamath*

Reshma Kamath

## SERVICE LIST

PAYPAL, INC., DEFENDANTS

Attn: Legal Specialists,
Re: Notice of Dispute,
P.O. Box 45950, Omaha, NE 68145-0950.

2211 NORTH FIRST STREET,
C/O CORPORATE LEGAL DEPARTMENT,
SAN JOSE, CA 95131

E-mail: payflow-support@paypal.com.

# EXHIBIT A

# PayPal Notice of Dispute

Last updated on July 13, 2021

PayPal is committed to providing a forum for resolving disputes with customers in a fair and efficient manner.  If you have a dispute with PayPal, we invite you to contact us by clicking "Help" on paypal.com.  You can find answers by topic or you can call or email PayPal to discuss your concerns.  If after seeking help from customer service, your dispute was not resolved to your satisfaction, please complete and send this form to PayPal's legal department.

Please complete this form in its entirety (printing legibly). Retain a copy for your records and send the completed form by certified mail to: **PayPal, Inc., Attn: Legal Specialists, Re: Notice of Dispute, P.O. Box 45950, Omaha, NE 68145-0950.** If the dispute is not resolved to your satisfaction within the time frame provided in the **PayPal user agreement**, you may begin arbitration by submitting a Demand for Arbitration to the American Arbitration Association, which can be found at **www.adr.org.**

RESHMA KAMATH

\------------------------

Name
PayPal account

REDACTED FOR PRIVACY

\---------------------------

Email address used to log in to your

6502570719

\------------------------

Phone Number to call you
account

6502570719

\---------------------------

Phone Number on your PayPal

Mailing Address:

700 El Camino Real Suite 120, #1084,

\------------------------------------

Menlo Park, CA 94025

\------------------------------------

_**Please briefly describe the nature of your dispute and attach any supporting documents you wish to provide.  If necessary, please use the reverse side or additional paper.**_

PLEASE SEE ATTACHED.
PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT FOR DAMAGES:

I. VIOLATION OF THE TRUTH IN LENDING ACT (TILA)
II. VIOLATION OF THE LEGAL CONSUMER REMEDIES ACT, CIVIL CODE SECTION 1770
III. VIOLATION OF THE FAIR CREDIT BILLING ACT (FCBA)
IV. BREACH OF FIDUCIARY DUTY
V. INTENTIONAL MISREPRESENTATION
VI. NEGLIGENT MISREPRESENTATION
VII. NEGLIGENCE
VIII. BREACH OF CONTRACT

_**Please briefly describe the relief you would like from PayPal.**_

PRAYER FOR RELIEF

i. A judgment in favor of Plaintiff for ten million five-hundred thousand ($10,500,000) in damages.
ii.  Actual, general, special, expectancy, and consequential damages, jointly and severally, in an amount to be determined at trial.
iii. A judgment for compensatory and expectancy damages in an amount to be determined at trial, plus reasonable attorneys' fees and costs, against any and all Defendants, jointly and severally.
iv.  A judgment for punitive and treble damages in an amount to be determined at trial.
v. A jury trial on all appropriate issues.
vi. An award of costs and expenses against any and all Defendants; and,
vii. Any and all other relief this Court may deem appropriate.

_/S/ Reshma Kamath_                                          December 23, 2023

-----------------------------

-----------------------------

**Signature**                                                    **Date**

**RESHMA KAMATH**
Mailing Address: 700 El Camino Real, Suite 120,
#1084, Menlo Park, California 94025, United States |
Phone: 650 257 0719 |
E-mail: reshmakamath2021@gmail.com |
Plaintiff, *In Propria-Persona*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RESHMA KAMATH,** | **Case No.: 5:23-cv-03636-EJD** |
| | [*Honorable District Judge Edward Davila*] |
| **Plaintiff,** | |
| | **PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT FOR DAMAGES:** |
| **v.** | |
| | I. VIOLATION OF THE TRUTH IN LENDING ACT (TILA) |
| | II. VIOLATION OF THE LEGAL CONSUMER REMEDIES ACT, CIVIL CODE SECTION 1770 |
| **PAYPAL, INC., AND DOES 1-10, INCLUSIVE,** | III. VIOLATION OF THE FAIR CREDIT BILLING ACT (FCBA) |
| | IV. BREACH OF FIDUCIARY DUTY |
| **Defendants** | V. INTENTIONAL MISREPRESENTATION |
| | VI. NEGLIGENT MISREPRESENTATION |
| | VII. NEGLIGENCE |
| | VIII. BREACH OF CONTRACT |

*TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, HEREIN:*

1

# FIRST-AMENDED COMPLAINT

## INTRODUCTION

1. This is an action of lending and credit consumer violation, *inter alia*, against Defendant PayPal, Inc. for economic and non-economic harm to Plaintiff Reshma Kamath.

## PARTIES

2. Plaintiff Reshma Kamath is a natural person. (*hereinafter*, "Plaintiff.")

3. Defendant PayPal, Inc. is a financial payment and credit institution acting akin to a bank with principal address 2211 NORTH FIRST STREET, C/O CORPORATE LEGAL DEPARTMENT, SAN JOSE, CA 95131, and mailing address 2211 NORTH FIRST STREET, C/O CORPORATE LEGAL DEPARTMENT, SAN JOSE, CA 95131. (*hereinafter*, "PayPal," and/or "Defendants.")

4. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, Defendants, and each of them, were the agents, employers, and associates of each other, and acting with the express and/or implied permission, authority and knowledge of each other, and at all times herein mentioned were acting within the course and scope of said employment or agency with the knowledge and permission of each and all Defendants.

5. Plaintiff alleges, on the basis of information and belief, that the damages, if any, sustained by Plaintiff as alleged in the Complaint on file herein were proximately

caused, in whole or part, by the negligence, and/or fault of Defendants, and each of them.

## VENUE & JURISDICTION

6. This Court has jurisdiction over Plaintiff's federal claims under the Truth in Lending Act (TILA), and Federal Consumer Billing Act (FCBA).

7. The Court has supplemental jurisdiction over Plaintiff's claims, which are based on state law, under 28 U.S.C. § 1367.

8. Venue in the United States District Court for the United States District Court Northern District of California San Francisco Division is proper pursuant to 28 U.S.C. § 1391.

9. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

10. Plaintiff was a resident of Arizona from the years 2021-2023.

11. Plaintiff also brings state law claims for relief pursuant to this Court's supplemental jurisdiction.

## FACTUAL ALLEGATIONS

12. Plaintiff has had a PayPal account for a plethora of years.

13. PayPal has a credit arm named SYNCB/PPB, as well as a payment arm.

14. PayPal operates with a credit arm of SYNCHRONY.

15. PayPal offers consumer credit, and operates as if a lending institution, and/or a bank.

*PayPal's Credit Issues*

16. Plaintiff had Plaintiff's Wells Fargo bank account to PayPal. PayPal was connected to Plaintiff's Wells Fargo bank account. Regular monthly payments were thereafter deducted regularly.

17. After that bank account closed, Plaintiff tried over three dozen times to connect Plaintiff's PNC bank account. This was via PLAID, and other online PayPal system. Each time, PayPal demonstrated an "error" message. All the log-in credentials for Plaintiff's PNC bank account to PayPal account were correct and proper.

18. However, PayPal's online banking system did not let Plaintiff's PNC bank account connect.

19. Plaintiff called PayPal over four-five times to fix this situation – each time the telephonic customer-service would accept the payment, but no one was able to fix PayPal's technical glitch.

20. Since PayPal has an online option to opt-in to auto-pay via connecting of a customer's bank account, PayPal must also demonstrate the onus of fixing any errors on its banking profile.

21. Because of PayPal's technical glitch on PayPal's online banking profile, Plaintiff was harmed in PayPal causing an erroneous series of three missed payments of $30 each.

22. PayPal, thereafter, caused a "serious delinquency" message to appear on Plaintiff's credit profile.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

23. That PayPal-caused "serious delinquency" message on Plaintiff's credit profile appears even to date, and on-going.

24. During this time, Plaintiff was paying $100-$3000 per month payments on her other credit cards regularly, and on time. No other credit profiles of Plaintiff had any erroneous and missed payments. Only PayPal caused such a problem. In fact, never in Plaintiff's financial credit life has she missed any payments such as this. Plaintiff had more than sufficient funds in her bank accounts – definitely more than $30 per month.

25. That PayPal-caused a "serious delinquency" message on Plaintiff's credit profile.

26. That "serious delinquency" message on Plaintiff's credit profile has caused major credit score issues to Plaintiff.

27. Plaintiff had to undergo credit repair, and call TransUnion/EquiFax/Experian, but all three credit bureaus directed Plaintiff to call PayPal and speak to them directly. The credit bureaus informed Plaintiff that the credit bureaus only report what PayPal sends them. Neither could the bureaus remove the erroneous "serious delinquency" message, nor could the credit repair fix PayPal's error.

28. Plaintiff has had excellent credit in the 850-750 range, and because of PayPal, Plaintiff's credit score dropped to 700-580 range. Even now, Plaintiff's credit cannot increase past a certain point of 720, because of PayPal's error.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

29. It was foreseeable to PayPal that PayPal-caused a "serious delinquency" message on Plaintiff's credit profile would cause serious financial harm to Plaintiff, *inter alia*.

30. PayPal acted in contravention of the Truth in Lending Act.

31. Because of PayPal's "serious delinquency" error for a $30 payment for three payments, Plaintiff had to engage in several credit repair issues, and had to struggle with financial loans that Plaintiff was applying for.

32. Because of PayPal's "serious delinquency" error, Plaintiff's borrower status for other loans in the amount of one million and seven-hundred thousand were majorly delayed. Plaintiff was told that the PayPal, SYNC/PPB issue had caused this kind of credit issues.

33. Without notifying Plaintiff, PayPal added a "serious delinquency" message on Plaintiff's credit profile to all three credit bureaus either in the year 2021, 2022, and/or 2023. This "serious delinquency" message on Plaintiff's credit profile on all three credit bureaus appears even today.

34. Plaintiff disputed the three missed payments with PayPal via their telephonic system, each time, they connected her to PayPal's Synchrony branch.

35. Plaintiff has disputed "serious delinquency" message on Plaintiff's credit profile to all three credit bureaus, as soon as Plaintiff learned of this in the year 2023 based on Plaintiff's borrower status with certain lenders.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

36. PayPal has declined to remove this serious delinquency" message on Plaintiff's credit profile to all three credit bureaus, as well as canceled Plaintiff's credit as a retaliation. Which is odd, because Plaintiff was requesting how Plaintiff does not want to transact with PayPal again.

37. That PayPal caused the auto-pay not to re-set-up on Plaintiff's account, thereby, causing interest on Plaintiff's credit balances to increase. For only one to two thousand dollars of credit, PayPal caused significant harm to Plaintiff in the amount of *over* one million and seven-hundred thousand dollars.

38. PayPal caused Plaintiff's credit score – unbeknownst to Plaintiff in the year 2021-2022, to drop to the credit score of 580.

## *PayPal's Google Pixel Pro*

39. About three years ago, Plaintiff bought a brand-new-yellow Google Pixel XL Pro phone.

40. Plaintiff financed it via PayPal's SYNCB, and the phone was in the amount of over $800.

41. There was no phone-service offered to Plaintiff. It was only a brand-new phone directly from Google.

42. PayPal caused that interest rate and payment on the Pixel phone to be pending based on PayPal's technical glitch.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

43. That Plaintiff represented a product or service that had characteristics, uses, or benefits that it did not have, such as offering Plaid, and other online bank account connecting services that PayPal could not allow Plaintiff to have for her PNC bank account.

### *PayPal's involvement in Attorney-Client Fee Disputes*

44. PayPal got involved in a legal fee dispute with a client that was not within the scope of PayPal's work and part of its banking profile.

45. PayPal could not get involved in attorney-client fee disputes matters.

46. PayPal caused a reversal of the fee (after Plaintiff had done all the work), because Plaintiff had informed PayPal that Plaintiff could not share e-mail messages because of attorney-client privilege.

47. Plaintiff informed PayPal that legal fee disputes are not within PayPal's fee.

48. PayPal acted in contravention of the Truth in Lending Act.

49. In the latter part of the year 2021, a fraudulent person posing as a client, Troy Wood, who had reached out electronically. This was a Caucasian guy who resided in the Philippines, because he allegedly had his crypto income stolen in Los Angeles, California. Thereafter, the fraudulent client had signed a retainer agreement and had made a payment of two-thousand five-hundred dollars' to Plaintiff via PayPal from the fraudulent client's alleged friend who resides in Florida. Plaintiff was to draft a contract for a crypto-transaction in Beverly Hills, Los Angeles, California, and be a witness for a crypto transaction from a computer and phone wallet.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

50. Because the two-thousand five-hundred dollars' retainer payment was paid via PayPal, (with a future promise of payment,) Plaintiff had agreed to take a business commute from Arizona to Waldorf Astoria.

51. The opposing party, Enzo, the fraudulent client Troy Wood's friend, and Plaintiff met in an outdoor, public, rooftop setting at Beverly Hills, Waldorf Astoria. This had occurred twice, because that opposing party from whom Troy Wood had to make the crypto transaction did not show up to the business meeting on day one. After all this, even on day two, opposing party, Enzo did not make the crypto transaction. For Plaintiff's purpose, Plaintiff had done all the work – even traveling to Los Angeles, California, drafting agreements, witnessing any possible transactions, and meeting with the parties. However, after all this, Troy Wood's friend had not only reversed the retainer fee from PayPal, they had also caused over hundred daily spam messages bombard Plaintiff's e-mail account. Daily, hundreds of spam messages would show up in Plaintiff's inbox – this occurred for over two weeks.

52. After all this, PayPal reversed the two-thousand five-hundred dollars' retainer fee – getting involved in a legal dispute. This was not within PayPal's scope.

53. Plaintiff notified PayPal that such a reversal was not within PayPal's scope and jurisdiction. This is an attorney-client legal fee dispute.

54. This reversal was akin to a charge-back that banks conduct.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

55. Plaintiff was deprived of personal, and household uses of income, and other borrower loans.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

56. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

57. TILA is grounded in 15 U.S.C. 1601 *et seq.,* was enacted on May 29, 1968, as title. I of the Consumer Credit Protection Act (Pub. L. 90-321). The Truth in Lending Act (TILA) is a federal law enacted in 1968 to help protect consumers in their dealings with lenders and creditors.

58. TILA's purpose is to "avoid the uninformed use of credit." (15 U.S.C. § 1601.) "[1]CONSUMER CREDIT PROTECTION ACT - PUBLIC LAW 90-321, APPROVED MAY 29, 1968 (82 STAT. 146, 15 U.S.C. 1601) THE ACT, WHICH SAFEGUARDS CONSUMERS BY REQUIRING FULL DISCLOSURE OF THE TERMS AND CONDITIONS OF FINANCE CHARGES IN CREDIT TRANSACTIONS OR IN OFFERS TO EXTEND CREDIT, IS PRESENTED AS AMENDED THROUGH MARCH 1976."

---

[1] https://www.ojp.gov/ncjrs/virtual-library/abstracts/consumer-credit-protection-act-public-law-90-321-approved-may-29#:~:text=About%20NCJRS-,CONSUMER%20CREDIT%20PROTECTION%20ACT%20%2D%20PUBLIC%20LAW%2090%2D321%2C%20APPROVED,1601)&text=THE%20ACT%2C%20WHICH%20SAFEGUARDS%20CONSUMERS,AS%20AMENDED%20THROUGH%20MARCH%201976.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

59. The TILA ACT was designed to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to her, avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing.

60. 15 U.S.C. 1601 *et seq.,* was enacted on May 29, 1968, as title. I of the Consumer Credit Protection Act (Pub. L. 90-321.)

61. The cardholder may arbitrate, pursuant to the terms of the cardholder agreement, his rights under such federal statutes as TILA. (15 U.S.C. § 1601 *et seq*.) This statute imposes mandatory disclosure requirements for consumer credit transactions, including those arising on credit card accounts. As to the latter, the statute provides for detailed disclosure of the terms on which credit is being extended, including annual percentage rates, methods of computing outstanding balances, finance charges, grace periods, and late fees. (15 U.S.C. § 1637.) The cardholder, if he or she prevails, may recover actual damages, twice the finance charge imposed in connection with each violative transaction, and attorney fees and costs. (*Id.,* § 1640(a)(1), (2)(A), (3).)

62. Plaintiff was not only harmed by PayPal's dubious credit practices, but also was a victim of inaccurate and unfair credit card billing.

63. Plaintiff had to suffer damages and losses to her credit score, because of PayPal's nefarious credit practices.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

64. PayPal's nefarious credit practices had actually and proximately caused Plaintiff to suffer damages and losses to her credit score, issues with borrower status of Plaintiff for purchases, fee reversals in attorney-client fee disputes, *inter alia.*

65. It was actually and proximately foreseeable to PayPal that a serious delinquency message on Plaintiff's credit profile reported to all three credit bureaus would cause Plaintiff to suffer damages and losses to her credit score, issues with borrower status of Plaintiff for purchases, fee reversals in attorney-client fee disputes, *inter alia.* This resulted in personal harm to Plaintiff because each caused a cloud on her borrower status for purchases, as well as her earned income that was reversed.

66. PayPal's Synchrony credit arm had reported incorrect interest rate fees on Plaintiff's Google Pixel XL Pro transaction, as well as the missed payments of $30 each for a series of three missed payments.

67. Each caused harm to Plaintiff in the amount of over one million and seven thousand dollars for personal purposes.

68. Had PayPal properly adhered to Plaintiff's telephone calls and notices to PayPal, Plaintiff would most likely not be harmed. There was no way for Plaintiff to resolve the issue. The technical glitch existed solely with PayPal's online website.

69. Thus, PayPal violated the TILA provisions of fair credit practices and fair billing.

70. The federal Truth in Lending Act (TILA), title 15 of the United States Code section 1601 *et seq.,* and its accompanying regulations (Regulation Z), 12 Code of Federal

Regulations part 226.1 *et seq.* (2009), require specific disclosures by businesses offering consumer credit (including national banks issuing credit cards).

71. PayPal violated the federal TILA, as well as its accompanying regulations, Regulation Z.

72. PayPal's violations caused actual and proximate harm to Plaintiff.

73. Plaintiff seeks damages in the amount specified in the prayer for relief.

## SECOND CLAIM FOR RELIEF

### Violation of the Consumers Legal Remedies Act - (Civ. Code, § 1770)

74. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

75. Plaintiff claims that PayPal engaged in unfair methods of competition and unfair or deceptive acts or practices in a credit transaction that resulted, or was intended to result, in the sale or lease of goods or services, such as Google Pixel Pro phone, *inter alia*, to a consumer, and that Plaintiff was harmed by PayPal's violation.

76. To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff sought to acquire consumer credit for personal, family, or household purposes; 2. That Plaintiff represented a product or service that had characteristics, uses, or benefits that it did not have, such as offering Plaid, and other online bank account connecting services that PayPal could not allow Plaintiff to have for her PNC bank account; 3. That Plaintiff was harmed; and 4. That Plaintiff's harm resulted from PayPal's conduct. Plaintiff's harm resulted from PayPal's conduct.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

77. PayPal caused detrimental reliance on PayPal's representation.

78. PayPal's representation was a substantial factor in the decision.

79. Plaintiff does not need to prove that it was the primary factor or the only factor in the decision.

80. Because PayPal's representation of fact was material, detrimental reliance maybe inferred.

81. A fact is material if a reasonable consumer, such as Plaintiff, would consider it important in deciding whether to buy the Google Pixel Pro, as well as other purchases.

82. Plaintiff seeks damages in the amount specified in the prayer for relief.

## THIRD CLAIM FOR RELIEF

## Violation of the Fair Credit Billing Act, title 15 of the United States Code, section 1666 *et seq.* (FCBA)

83. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

84. The Fair Credit Billing Act of 1974 implements required billing practices for "open end credit" like credit cards.

85. The Act requires creditors to give consumers 60 days to challenge certain disputed charges over $50 such as wrong amounts, inaccurate statements, undelivered or unacceptable goods, and transactions by unauthorized users.

86. The Federal Trade Commission (FTC) generally enforces the Fair Credit Billing Act.

87. PayPal offers open-end credit to consumers such as Plaintiff.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

88. PayPal violated certain disputed charges over $50 such as wrong amounts, inaccurate statements, undelivered or unacceptable goods/services, and transactions by unauthorized users of Plaintiff.

89. PayPal reversed a $2,500 fee from Plaintiff to an unauthorized user. PayPal exceeded the scope.

90. PayPal generated inaccurate statements, and reported such inaccurate statements to credit bureaus - without properly notifying Plaintiff of the "serious delinquency" message appearing on Plaintiff's credit profile to all three credit bureaus. PayPal caused Plaintiff's stellar credit score to drop to 580 unbeknownst to Plaintiff.

91. Plaintiff seeks damages in the amount specified in the prayer for relief.

### <u>FOURTH CLAIM FOR RELIEF</u>

### <u>BREACH OF FIDUCIARY DUTY</u>

92. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

93. Defendants had a fiduciary duty, both contractually and statutorily, towards Plaintiff.

94. Plaintiff had incurred actual and proximate damages.

95. As a result of defendants' breach of fiduciary duty, defendants' conduct, individually, jointly and collectively, caused actual and proximate damages to Plaintiff.

96. The damages were monetary and non-monetary.

97. In 2022, and 2023, because of Defendants' breach of fiduciary duty in fixing the online portal, as well as not reversing the transaction of attorney-client disputed funds,

Plaintiff was damaged of her credit score from over 765 to 580; depriving Plaintiff from making purchases.

98. That PayPal never caused the auto-pay to re-set-up causing interest on balances to increase. For only $1000-$2000 balance, and a $30 per month payment, PayPal caused havoc, stress, embarrassment and humiliation to Plaintiff.

99. Plaintiff seeks damages in the amount specified in the prayer for relief.

## FIFTH CLAIM FOR RELIEF

## INTENTIONAL MISREPRESENTATION

100.    Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

101.    Plaintiff was harmed because PayPal intentionally misrepresented a fact that was false.

102.    PayPal intentionally misrepresented the online dispute process in reversing the $2500; increase in interest; autopay; as well as damage to credit score to 585, *inter alia*.

103.    That PayPal misrepresented Plaintiff, knowing that the fact was false.

104.    PayPal's intentional representation was false; and, made the representation recklessly and without regard for its truth.

105.    That PayPal intended that the plaintiff to detrimentally and reasonably rely on this misrepresentation; Plaintiff detrimentally and reasonably relied on the intentional

16

misrepresentation, and called PayPal over a dozen times to complain and notify them about the fraudulent transfer from the scammer.

106.     That plaintiff reasonably relied on PayPal's representation;

107.     That plaintiff was harmed of attorneys' fees as well as damage to credit score;

108.     PayPal intentionally misrepresented that PayPal's online PLAID portal was working;

109.     That PayPal misrepresented to Plaintiff, knowing that the fact was false.

110.     That PayPal's intentional representation was false; and, made the representation recklessly and without regard for its truth.

111.     That PayPal intended that the plaintiff to detrimentally and reasonably rely on this misrepresentation; Plaintiff detrimentally and reasonably relied on the intentional misrepresentation, and called PayPal's repeatedly to complain and notify them about the fraudulent transfer from the scammer.

112.     That plaintiff reasonably relied on PayPal's misrepresentation.

113.     That plaintiff was harmed of attorneys' fees as well as severe damage to credit score; and,

114.     That plaintiff's reliance on defendants' representation was a substantial factor in causing plaintiff's harm.

115.     Plaintiff seeks damages in the prayer for relief.

**SIXTH CLAIM FOR RELIEF**

17

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

## NEGLIGENT MISREPRESENTATION

116.    Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

117.    Plaintiff was harmed because the defendants negligently misrepresented a fact.

118.    That PayPal represented to plaintiff that a fact was true;

119.    PayPal's representation was not true.

120.    That PayPal may have honestly believed that the representation was true.

121.    PayPal had no reasonable grounds for believing the representation was true when PayPal made it; That PayPal intended that the plaintiff to detrimentally rely on this representation; Plaintiff detrimentally relief on the negligent misrepresentation, and called PayPal's telephonic system to resolve the issues.

122.    That plaintiff reasonably relied on PayPal's negligent representation.

123.    That plaintiff was harmed of reversal of attorneys' fees, as well as damage to credit score; and,

124.    PayPal negligently misrepresented that the online portal was working; and PayPal gave no other choice to Plaintiff but to use the limited options they provided;

125.    That PayPal misrepresented to Plaintiff, knowing that the fact was not true.

126.    That PayPal's negligent representation was not true; and, made the representation recklessly and without regard for its truth.

127.     That PayPal intended that the plaintiff to detrimentally and reasonably rely on this misrepresentation; Plaintiff detrimentally and reasonably relied on the negligent misrepresentation, and called PayPal repeatedly to complain and notify them about the lack of online-portal for PNC working, and thus, unable to set up auto-pay.

128.     That plaintiff reasonably relied on PayPal's negligent representation.

129.     That plaintiff was harmed because of her credit score dropping to 580.

130.     That plaintiff's reliance on defendants' representation was a substantial factor in causing plaintiff's harm.

131.     Plaintiff is incurring actual and proximate economic, and non-economic damages because of Defendants' breach of contract.

132.     Plaintiff seeks damages in the prayer for relief.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

<u>**NEGLIGENCE**</u>

133.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

134.     Defendants had a duty, both contractual (PayPal-Reshma Kamath consumer credit contract), and statutory, TILA, FCBA, *inter alia,* toward Plaintiff.

135.     Defendants violated banking and financial institution laws, state and federal, such as TILA, FCBA, and *Civ. Cod.* section 177, designed to protect consumers such as Plaintiff. Defendants thus engaged in negligence *per se.*

136.    But for the defendants' breach of duty, Plaintiff would not have incurred actual and proximate damages.

137.    As a result of defendants' breach of duty, *res ipsa loquitor*, defendants' conduct, individually, jointly, and collectively, caused actual and proximate damages to plaintiff.

138.    The damages were monetary and non-monetary.

139.    In 2021, 2022, and 2023, because of Defendants' breach of duty, Plaintiff was deprived of timely payments to PayPal, Plaintiff's income, and causing harm to Plaintiff's borrower status.

140.    Plaintiff is incurring actual and proximate economic, and non-economic damages because of Defendants' negligence.

141.    Plaintiff seeks damages in the prayer for relief.

## EIGHTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

142.    Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

143.    Defendants had a contract with the Plaintiff in PayPal Synchrony offering consumer credit to Plaintiff.

144.      Defendants breached that contract materially and substantially in not offering auto-pay and technical glitch on PayPal's online portal, not resolving it, unfair billing practices, damage to credit score, *inter alia.*

145.      Defendants' breach of the contract actually and proximately caused harm to the Plaintiff monetarily, and non-monetarily.

146.      Plaintiff is incurring actual and proximate economic, and non-economic damages because of Defendants' breach of contract.

147.      Plaintiff seeks damages in the prayer for relief.

## **PRAYER FOR RELIEF**

i.      A judgment in favor of Plaintiff for ten million five-hundred thousand ($10,500,000) in damages.

ii.      Actual, general, special, expectancy, and consequential damages, jointly and severally, in an amount to be determined at trial.

iii.      A judgment for compensatory and expectancy damages in an amount to be determined at trial, plus reasonable attorneys' fees  and costs, against any and all Defendants, jointly and severally.

iv.      A judgment for punitive and treble damages in an amount to be determined at trial.

v.      A jury trial on all appropriate issues.

vi.      An award of costs and expenses against any and all Defendants; and,

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

vii.   Any and all other relief this Court may deem appropriate.

*Respectfully submitted*,

**DATED:  December 23, 2023**

*/S/ Reshma Kamath*

**RESHMA KAMATH**

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**

**PROOF OF SERVICE**
**F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260**

I'm employed in the County of San Mateo, California. I am over the age of 18, and not a party to the action. My business address is: 700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025, and e-mail address is reshmakamath2021@gmail.com for electronic-service. On 23rd day of December 2023, I served the following document(s), via method(s) indicated below, on the parties in this action: SEE ATTACHED SERVICE LIST.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT FOR DAMAGES:**

**I.VIOLATION OF THE TRUTH IN LENDING ACT (TILA)**
**II.VIOLATION OF THE LEGAL CONSUMER REMEDIES ACT, CIVIL CODE SECTION 1770**
**III.VIOLATION OF THE FAIR CREDIT BILLING ACT (FCBA)**
**IV.BREACH OF FIDUCIARY DUTY**
**V.INTENTIONAL MISREPRESENTATION**
**VI.NEGLIGENT MISREPRESENTATION**
**VII.NEGLIGENCE**
**VIII.BREACH OF CONTRACT**

**ELECTRONIC SERVICE:** In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6]

**UNITED STATES MAIL SERVICE:** I served the documents by enclosing them in an envelope and by depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 23rd day of December 2023.

*/s/ Reshma Kamath*

Reshma Kamath

## SERVICE LIST

PAYPAL, INC., DEFENDANTS

Attn: Legal Specialists,
Re: Notice of Dispute,
P.O. Box 45950, Omaha, NE 68145-0950.

2211 NORTH FIRST STREET,
C/O CORPORATE LEGAL DEPARTMENT,
SAN JOSE, CA 95131

E-mail: payflow-support@paypal.com.

**PLAINTIFF RESHMA KAMATH'S FIRST-AMENDED COMPLAINT.**